UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BARBOZA,<br><br>     Plaintiff,<br><br>          v.<br><br>DEUTSCHE BANK SECURITIES, INC.,<br>LITTON LOAN SERVICING, LP. *et al.*,<br><br>     Defendants. | 1:10-CV-0559 OWW DLB<br><br>MEMORANDUM DECISION GRANTING DEUTSCHE BANK SECURITIES, INC. & LITTON LOAN SERVICING, LP. (Docs. 9 & 15). |

## I. INTRODUCTION

On February 16, 2010, Plaintiff filed a complaint in the Superior Court of the State of California, County of Kern, alleging five causes of action against Defendants Deutsche Bank Securities Inc. ("Deutsche") and Litton Loan Servicing, LP, ("Litton") regarding a mortgage loan for property located in Wasco, California.  On March 31, 2010, Deutsche removed the case to federal court pursuant to 28 U.S.C. §§ 1332, 1441 based on diversity jurisdiction.  (Doc. 1.)

Plaintiff alleges (1) fraud; (2) unconscionable contract;

1

(3) breach of covenant of good faith and fair dealing; (4) violation of business and professions code § 17200 and (5) reformation.  (Doc. 1-2, Compl.)

Before the Court for decision are motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) brought by Deutsche and Litton (Docs. 9 & 15), and Deutsche's Motion to Strike pursuant to Rule 12(f) (Doc. 10).  Plaintiff filed an opposition.  (Doc. 21.)  Defendants filed a joint reply.  (Doc. 22.)  The matter came on for hearing in Courtroom 3 (OWW) on June 21, 2010, at 10:00 a.m.

## II.  LEGAL STANDARDS

**A.   Rule 12(b)(6) Motion to Dismiss.**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party.  *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002).  To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (citing *Twombly*, 550 U.S. 556-57).  Dismissal also can be based on the lack of a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.    Rule 9(b) Heightened Pleading.**

All claims for fraud must be pled with sufficient particularity.  Fed. R. Civ. P. 9(b).  "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud ...."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted).  Allegations of fraud must include the "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations."  *Id*. (internal quotation marks omitted).  "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted).  A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or

3

misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis and internal quotation marks omitted).

C. <u>Motion to Strike.</u>

Rule 12(f) provides that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored and infrequently granted. *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Id*. The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that might arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A motion to strike may be used to strike any part of the prayer for relief when the recovery sought is unavailable as a matter of law. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n. 34 (C.D. Cal. 1996).

### III. <u>BACKGROUND</u>

On October 25, 2006, Plaintiff "obtained a mortgage loan for the property located at 1001 Pistachio Street, Wasco, CA 93280." (Compl. ¶ 3.) Plaintiff promised to repay $168,000 to Fremont

Investment & Loan ("Fremont").  (Doc 9 [Def.'s Mot. To Dismiss.])  On March 9, 2009, Plaintiff failed to make payments and the beneficiary "iniate[d] foreclosure of the property."  (*Id*.)  On March 10, 2009, a notice of default was recorded.  (*Id*.)  On March 9, 2009, Quality Loan Service Corporation was substituted as trustee.  (*Id*.)  On October 22, 2009 the trustee completed foreclosure by power of sale under the power of sale contained in the dead and trust.  (*Id*.)

Plaintiff primarily speaks Spanish and alleges that he was not provided with a Spanish translation of the loan terms.  (Compl. ¶ 5.)  Plaintiff recorded a notice of *lis pendes* on February 16, 2010.  (Doc. 9.)

### IV.  ANALYSIS

A. Motion to Dismiss for Failure to State a Claim.

   i. Fraud.

Plaintiff's first cause of action alleges fraud by each Defendant.  Plaintiff generally claims "representatives, agents, and/or employees of Defendants and each of them, made false representations to Plaintiff in order to fund a loan."  (Compl. ¶ 24.)  Plaintiff further alleges that "Defendants represented that they would not make a loan to Plaintiff unless he could afford the loan, and each of them, represented that they would not make a loan to plaintiff unless he could afford the loan."  (Compl. ¶ 25.)  The Complaint also alleges that "[a]s part of defendants'

5

continuing scheme intentionally placed Plaintiff in a sub-prime loan to the befit of the defendants ... and Defendants repeatedly used coercive tactics in order to force Plaintiff to sign loan documents." (Compl. 26.)

In California, the elements for the claim of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Small v. Fritz Companies, Inc.,* 30 Cal. 4th 167, 173 (2003). Upon removal to federal court, all claims for fraud must be pled with sufficient particularity to satisfy Rule 9(b). "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement ... is a federally imposed rule." *Vess,* 317 F.3d at 1103 (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985)).

"Rule 9(b) does not allow a complaint merely to lump multiple defendants together but require(s) [p]laintiff to differentiate the allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in fraud." *Swartz*, 476 F.3d at 764-65. Here, Plaintiff fails to differentiate the conduct of the various Defendants. This does not give sufficient notice to Defendants of the specific details of the fraud claim.

The complaint does not specify the "who, what, where, when,

and how" of the alleged fraud.  *See Kearns,* 567 F.3d at 1124.  When claiming fraud against multiple defendants, at the very least, the roles of each party need to be identified.  *Swartz*, 476 F.3d at 764-65.  Plaintiff only uses the name "Defendant" to include each party.  No details are provided on the specific content of false representation or how it was made by each Defendant.  Plaintiff uses phrases like "coercive tactics" but does not describe the tactics in the complaint.

    Plaintiff's fraud claim is DISMISSED WITH LEAVE TO AMEND.

        ii.  Unconscionable Contract.

    Plaintiff alleges the contract is unconscionable under California Civil Code § 1670.5.  Plaintiff claims that as a non-English speaking party, Plaintiff made an "uninformed decision," and that Defendants took advantage of Plaintiff to misrepresent the contract.

    Here Plaintiff claims unconscionability as a cause of action and not a defense.  "There is no cause of action for unconscionability and the doctrine is only a defense to contract enforcement."  *Maguca v. Aurora Loan Services*, 2009 WL 3467750 at *5 (C.D. Cal. Oct. 28, 2009) (*citing Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 205, 217 (1994)).  Plaintiff's unconscionability claim is DISMISSED WITHOUT LEAVE TO AMEND.

### iii. Breach of Covenant of Good Faith and Fair Dealing

Plaintiff claims a breach of covenant of good faith and fair dealing, alleging "defendants intentionally acted with the knowledge that their actions were invalid and further; any reasonable person in Defendants position would consider the acts or conduct ... unreasonable."  (Compl. ¶ 55.)

The implied covenant of good faith and fair dealing exists in every contract, and "is aimed at making effective the agreement's promises."  *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390 (2000).  "Broadly stated, that covenant requires that neither party do anything which will deprive the other of the benefits of the agreement."  *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85 (1995).

The implied covenant "does not extend beyond the terms of the contract at issue."  *Poway Royal Mobilehome Owners Ass'n v. City of Poway,* 149 Cal. App. 4th 1460, 1477 (2007).  Instead, it "is limited to assuring compliance with the express terms of the contract."  *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004).  "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties ...."  *Smith v. City & County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990).  The implied covenant "rests upon the existence of some specific contractual obligation" and there "is no obligation

8

to deal fairly or in good faith absent an existing contract." *Racine & Laramie, Ltd.*, 11 Cal. App. 4th at 1031-32 (1992). Here, Defendants were not a party to the original mortgage. Plaintiff has failed to show a valid contract between the parties.

Defendants' motion to dismiss the implied covenant claim is GRANTED WITH LEAVE TO AMEND, if Plaintiff can do so in compliance with Federal Rule of Civil Procedure 11.

### iv. Violation of Business and Professions Code § 17200.

Plaintiff brings a claim for "unlawful business practices" under California Business and Professions Code § 17200, et seq. Such a claim depends on the viability of an underlying claim of unlawful conduct. *Ingels v. Westwood One Broadcasting Servs.*, 129 Cal. App. 4th 1050, 1060 (2005).

Here, because none of Plaintiffs' other claims survive dismissal, his § 17200 claim must be dismissed as well.

Defendants' motion to dismiss the implied covenant claim against it is GRANTED WITH LEAVE TO AMEND.

### v. Reformation.

Plaintiff seeks reformation under California Civil Code § 3399, which provides:

> When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly

9

> express the intention of the parties, it may be
> revised, on the application of a party aggrieved, so as
> to express that intention, so far as it can be done
> without prejudice to rights acquired by third persons,
> in good faith and for value.

Plaintiff alleges Defendants defrauded him, made misrepresentations, and that the documents do not represent his intent when the contract was formed.

"The essential purpose of reformation is to reflect the intent of the parties." *Jones v. First Am. Title Ins. Co.*, 107 Cal. App. 4th 381, 389 (2003). "Although a court of equity may revise a written instrument to make it conform to the real agreement, it has no power to make a new contract for the parties...." *American Home Ins. Co. v. Travelers Indemnity Co.*, 122 Cal. App. 3d 951, 963 (1981).

> A complaint for the reformation of a contract should
> allege what the real agreement was, what the agreement
> as reduced to writing was, and where the writing fails
> to embody the real agreement. It is also necessary to
> aver facts showing how the mistake was made, whose
> mistake it was, and what brought it about, so the
> mutuality may appear.

*Lane v. Davis*, 172 Cal. App. 2d. 302, 309 (1959).

A claim for reformation is also subject to Rule 9(b). *Jensen v. Quality Loan Service Corp.*, 2010 WL 1136005 at *13 (E.D. Cal., 2010). Here, Plaintiff failed to specifically articulate what the time and terms of the agreement between the parties were, in what way the written agreement failed to embody the real agreement, who made the mistake, what brought it about,

10

and when and where any such mistakes occurred.

Moreover, Defendants are not proper parties to a reformation claim, as Defendants were not a party to the Note or Deed of trust. *Cisneros v. Instant Capital Funding Group, Inc.*, 263 F.R.D. 595 (E.D. Cal. 2009).

Plaintiff's reformation claim is DISMISSED WITH LEAVE TO AMEND, if Plaintiff can amend in compliance with Rule 11.

B. <u>Motion to Strike</u>

Deutsch Bank also moves to strike Plaintiff's allegation of fraudulent conduct in paragraph 10, 39, 41 and 56.  (Doc. 10 [Def.'s Mot. To Strike]).

> (1) Paragraph 10: "[e]ach of Defendants harassing acts were so willful, vexatious and outrageous, oppressive and maliciously calculated enough, so as to warrant statutory penalties and punitive damages."

> (2) Paragraph 39: "[d]efendants' conduct as set forth above was intentional, oppressive, fraudulent, and malicious so as to justify an award of punitive damages in an amount sufficient that such conduct will not be repeated."

> (3) Paragraph 41: "[t]he actions of Defendants and each of them were fraudulent, oppressive, and malicious so as to warrant the imposition of exemplary damages, and that by virtue of Defendants' conducts as set forth herein Plaintiff is entitled to exemplary damages."

> (4) Paragraph 56: "[a]t all times relevant, Defendants' conduct, as alleged herein, was malicious, oppressive and/or fraudulent.

11

(Comp. ¶ 10, 39, 41, and 56.)  Defendant argues that Plaintiff "fails to make the required showing of any oppressive, fraudulent, or malicious behavior on the part of Defendant in order to be entitled to punitive damages".  (Doc. 10.)  Defendant asserts the complaint is conclusory and does not state sufficient support for the "oppressive, fraudulent, and malicious behavior" allegations.  (*Id.*)

The right to recover punitive damages is governed by California Civil Code section 3294 which states in relevant part that:

> (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice,  the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.
> ***
> (c) As used in this section, the following definitions shall apply:
>
> (1) "Malice" means conduct, which is intended by the defendant to cause injury to the plaintiff or despicable conduct, which is carried on by the defendant with a willful and conscious disregard for the rights or safety of others.
>
> (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that persons' rights.
> (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Cal. Civ. Code § 3294.  Unless a defendant is found guilty of "oppression, fraud, or malice," rising to the level of despicable

conduct, punitive damages cannot be recovered by the plaintiff. *Gaffney v. Downey Savings & Loan Assn.*, 200 Cal. App. 3d 1154, 1169 (1988). Conclusory allegations of fraud, misrepresentation, bad faith, oppression, malice and the like are insufficient. *Lavine v. Jessup*, 161 Cal. App. 2d 59, 69 (1958). Plaintiffs' prayer for punitive damages is wholly unsupported by any factual allegations. Plaintiffs do not oppose Defendants' motion to strike the punitive damages prayer.

The motion to strike the punitive damages request in Paragraph 10 is GRANTED.

### V. CONCLUSION

For the reasons set forth above:

(1) Deutsche's and Litton's motions to dismiss are GRANTED in their entirety;

(2) Deutsche's motion to strike is GRANTED as to the punitive damages request. Otherwise the motion to strike is DENIED AS MOOT.

Defendants shall submit a form of order consistent with this memorandum decision within five (5) days of electronic service.

SO ORDERED
Dated:  June 29, 2010

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge