Fredrick S. Levin, SBN: 187603
(flevin@dykema.com)
Dawn N. Williams, SBN: 267925
(dwilliams@dykema.com)
**DYKEMA GOSSETT LLP**
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone:  (213) 457-1800
Facsimile:  (213) 457-1850

Attorneys for Deutsche Bank Securities, Inc.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BARBOZA,<br><br>             Plaintiff,<br><br>     vs.<br><br>DEUTSCHE BANK SECURITIES, INC; LITTON LOAN SERVICING LP; and DOES 1 TO 50, inclusive,<br><br>             Defendants. | Case No. 1:10-CV-00559-OWW-DLB<br><br>*Assigned for all purposes to Hon. Judge Oliver W. Wanger*<br><br>**ORDER**<br><br>Hearing Date:     June 21, 2010<br>Time:                  10:00 A.M.<br>Location:            Courtroom 3 |

### **ORDER GRANTING MOTION**

Having considered Defendant Deutsche Bank Servicing, Inc.'s ("DBSI") and Litton Loan Servicing LP's ("Litton") motion to dismiss and motion to strike in the above-entitled action, the Plaintiff having had a full and fair opportunity to be heard with respect to the Motion, and the Court being fully apprised of the premises of the Motion,

**IT IS ORDERED** that

(1) Plaintiff's fraud cause of action fails to meet Rule 9(b) of the Federal Rules of Civil Procedure pleading standard and, therefore, is dismissed with leave to amend;

(2) Plaintiff's unconscionable contract claim does not serve as an independent cause of action and, therefore, is dismissed without leave to amend;

1
ORDER

(3) Plaintiff's breach of the covenant of good faith and fair dealing claim fails to plead the existence of a valid contract between Plaintiff and DBSI and Litton and, therefore, is dismissed with leave to amend;

(4) Plaintiff's Business and Professions Code § 17200 claim is wholly contingent upon his prior deficient causes of action and, therefore, is likewise dismissed with leave to amend;

(5) Plaintiff's reformation claim is dismissed with leave to amend because it fails to meet Rule 9(b) of the Federal Rules of Civil Procedure pleading standards and fails to establish that DBSI and Litton are real parities in interest to the contract to be reformed.

(6) Plaintiff's prayer for punitive damages in paragraph 10 of the Complaint is void of any allegations that DBSI and Litton engaged in oppressive, fraudulent, or malicious conduct and, therefore, must be stricken;

(7) The remainder of DBSI's and Litton's motion to strike is denied as moot.

IT IS SO ORDERED.

Dated: **July 2, 2010**         **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE