UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BARBOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK SECURITIES, et al.,<br><br>    Defendants. | 1:10-cv-00559 OWW MJS<br><br>MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. 33) AND DIRECTING CLERK OF COURT TO SERVE COPY ON STATE BAR |

This case, which concerns a mortgage loan encumbering real property located in Wasco, California, was removed from Kern County Superior Court by Defendant Deutsche Bank Securities on March 31, 2010. Doc. 1. The Complaint alleges five causes of action: (1) fraud; (2) unconscionable contract, (3) breach of the covenant of good faith and fair dealing, (4) violation of California Business and Professions Code § 17200, and (5) reformation. Doc. 1-1.

On April 12, 2010 and April 16, 2010, respectively, Defendants Deutsche Bank Securities, Inc. and Litton Loan Servicing LP (collectively "Defendants") filed motions to dismiss and/or strike. Docs. 9, 10, 15, 17. Plaintiff's unconscionable contract claim was dismissed without leave to amend; Plaintiff's

1

prayer for punitive damages in paragraph 10 of the Complaint was stricken; the remainder of Defendants' motion to strike was denied as moot; and Plaintiff's causes of action for (1) fraud, (2) breach of the covenant of good faith and fair dealing, (3) violation of § 17200 of the Business & Professions Code, and (4) reformation were dismissed with leave to amend.  Doc. 24.

The Court permitted Plaintiff fifteen (15) days to file an amended complaint.  *See* Doc. 26, 6/21/2010 Hearing Transcript, at 2:17-19.  On July 10, 2010, Defendants served Plaintiff with notice of the Court's Order of Dismissal.  Doc. 27.  That made the due date for the amended complaint July 25, 2010.  More than two months have passed since the Order of Dismissal was served.  Plaintiff has yet to file an amended complaint.

On September 8, 2010, Defendants moved to dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b), which instructs that a defendant may move to involuntarily dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order ...."

In response to the Rule 41(b) motion to dismiss, Plaintiff's counsel, Gary Lane, Esq. (SBN: 050960), filed a "motion to withdraw," claiming that his client no longer wished Lane to prosecute the case on the client's behalf.  However, Lane never served the motion on his client.  Because of the non-service, the motion was denied without prejudice and Lane was

instructed to re-serve and re-notice the motion in accordance with State Bar of California Rules.  *See* Doc. 41.

The deadline for the filing of an opposition to the motion to dismiss expired on November 1, 2010. Plaintiff filed no opposition or statement of non-opposition.  The Court issued the following Minute Order on November 8, 2010:

> **MINUTE ORDER:** Plaintiff's counsel has indicated that Plaintiff "has clearly expressed to Counsel that he does not authorize Counsel to proceed with [this] litigation." *See* [Doc.] 41. Pursuant to Local Rule 230(c), Plaintiff's counsel was required to file an opposition or notice of non-opposition to the pending motion to dismiss 33 on or before 11/1/2010. This deadline passed while Counsel's motion to withdraw 37 was pending. Given that the motion to withdraw has been denied without prejudice [Doc.] 41, Plaintiff's counsel SHALL FILE either a statement of non-opposition or a stipulation of dismissal on or before 12:00 noon on WEDNESDAY 11/10/2010.

Instead of responding to the motion to dismiss in any way, or taking reasonable action to protect his client's interests, Mr. Lane filed his own hearsay written "statement" that his client "has no opposition to the Motion to Withdraw as Attorney."  Doc. 43.  No proof of service or affidavit was attached.  Critically, no such motion is or was pending, as the motion to withdraw was denied without prejudice and not renewed.

As Plaintiff failed to timely file an amended complaint and has not requested an extension, dismissal of this action pursuant to Fed. R. Civ. P. 41(b) is appropriate.  However, because Plaintiff's counsel has given no indication that he served his client either with his motion to withdraw or any

3

previous order of this court, the dismissal shall be WITHOUT PREJUDICE.

Mr. Lane has several cases pending in this District, and has previously neglected to timely file opposition papers, *see Aguero v. MortgageIT Inc., et al.,* 1:09-cv-00640 OWW SMS, *Rodriguez-Carcamo v. GMAC Mortgage LLC, et al.*, Doc. 15, 1:09-cv-02110 AWI DLB, Doc. 15.  Accordingly, and because of Mr. Lane's apparent failure to notify his client of the progress of this litigation, the Clerk of Court is ordered to serve a copy of this Memorandum Decision on the State Bar of California.  Mr. Lane is also ordered to serve a copy on his client and to docket a copy of his proof of service.  Defendant shall file a form of order consistent with this memorandum decision within five (5) days of electronic service.

SO ORDERED
Dated:   November 18, 2010

                                       /s/ Oliver W. Wanger
                                            Oliver W. Wanger
                                    United States District Judge